## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **NELSON RIVERA ROSARIO,**<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED PARCEL SERVICES (UPS) ET AL.,**<br><br>*Defendant.* | CIVIL NO. 21-1563 (DRD) |

## OPINION AND ORDER

Pending before the Court is Defendant United Parcel Services' (hereinafter, "UPS") Motion for Summary Judgment and Brief in Opposition to Plaintiff's Petition for Review of an Arbitration Award (Docket No. 10). Plaintiff filed a *Response in Opposition* to which UPS replied. *See* Docket Nos. 18 and 23, respectively.[1]

Plaintiff Nelson Rivera Rosario (hereinafter, "Plaintiff" or "Rivera") worked for UPS as a "Swing Driver". On August 12, 2014, Rivera was discharged from his employment at UPS. In accordance with the grievance procedure established in the Collective Bargaining Agreement (hereinafter "CBA") between UPS and Unión de Tronquistas de Puerto Rico, Local 901 (hereinafter, "Union"), the Union filed a grievance at the Bureau of Conciliation and Arbitration of the Puerto Rico Department of Labor and Human Resources to challenge Plaintiff's termination on his behalf.

---

[1] *See.* UPS' Motion for Summary Judgment. (Docket No. 10), *UPS' Memorandum of Law in Support of Motion for Summary Judgment* (Docket No. 10-1), *UPS' Statement of Uncontested Material Facts in Support of the Motion for Summary Judgment* (Docket No. 10-2), *Plaintiff's Applicable Law in Support of the Opposition to the Motion for Summary Judgment* (Docket No. 18), *Plaintiff's Statement of Uncontested Facts in Support of his Opposition to the Motion for Summary Judgment* (Docket No. 18-1), *UPS' Memorandum of Law in Support of Reply to Plaintiff's Opposition to the Motion for Summary Judgment* (Docket No. 23) and *UPS' Reply to Plaintiff's Opposing Statement of Facts to the Motion for Summary Judgment* (Docket No. 23-1).

During the hearing, UPS presented the testimony of Mr. Juan Zorrilla, who testified to the Arbitrator that:

> Claimant was a problematic employee in terms of his production and performance; and that many opportunities, and trainings, were offered for him to correct his deficiencies. He also stated that the drivers meet with the supervisor daily, for a space of three minutes, to discuss different subjects, such as health, safety procedures and other matters of the company.  He also testified that the day of the events, the claimant asked for help, because he said he had a lot of work, so he was "going to have failed packages". In view of this, Mr. Zorrilla testified that the claimant's supervisor assigned another driver to assist him in the pickup of packages from some of the clients, and even so, he did not complete the assigned route, leaving uncollected packages from various clients such as Workflow, Columbus, Torcon, Pan American Life, Flexitank and Comoloco. Considering the disciplinary record of the claimant and his lack of commitment to improve, he recommended his discharge in consensus with the Human Resources Office.

(Docket No. 10, Exhibit X at 3) (citations omitted)

The Award states that UPS affirmed in its brief that "the discharge of the client was not capricious or arbitrary, but that it was related to the normal order and operation of the company; he had previously been admonished and suspended for frequent violations to the packages delivery and pick up procedures; and it is for that that in harmony with the applicable legislation and case law the discharge of the claimant is fully justified." *Id.* at 4.  Meanwhile, according to the Award, in its written brief, the Union affirmed that "the discharge of the client was not capricious or arbitrary, but that it was related to the normal order and operation of the company; that he had previously been admonished and suspended for frequent violations to the packages delivery and pick up procedures; and it is for that that in harmony with the applicable legislation and case law the discharge of the claimant is fully justified." *Id.* (citation omitted) The arbitrator concluded that:

> Having considered the facts, the evidence, the testimonies of the witnesses, the principles applicable to the resolution of credibility aspects and the case law, established through opinions of just cause, we declare that we give more credibility to the testimony of the witnesses [sic] presented by the Company vis a vis the versions of the claimant, who showed to be very evasive and contradictory [sic] when answering such elemental questions like for example, establishing since when he was "swing driver"; alleging that he had never received training in his driver duties, despite the time of service with the Company; that the addresses of the clients, according to the DIAD were wrong; that the supervisor had the duty to pickup the remaining packages and his to deliver them;22 testifying that on the

>   date of the events there was no daily meeting between the supervisor and the drivers, to then answer, to questions of his attorney, that on that day nothing of the routes was discussed. He also declared to not know a detail as fundamental as the date in which he was discharged. 23 He evaded answering if he in effect had visited Office Metro Park prior to the date of the events to then state that that day was the first time he went there.24 He also testified, in reference to the previous disciplinary actions, that he did not sign them as received, because he was not present when they were given.25 In sum, what the claimant testified in his favor has little value given the cirdumstance [sic], the evidence against him and the statements of the Company's witnesses.

*Id.* at 9. (citations omitted)

On October 19, 2021, the arbitrator ruled in favor of UPS and upheld Plaintiff's termination (hereinafter, the "Award"). On November 12, 2021, Rivera, in his individual capacity, filed a Petition for Review of the Award in the Court of First Instance, San Juan Part in the Commonwealth of Puerto Rico, in the case of *Nelson Rivera Rosario v. United Parcel Services (UPS); Unión de Tronquistas de Puerto Rico Local 901; Departamento del Trabajo y Recursos Humanos, Negociado de Conciliación y Arbitraje* SJ2021CV07483. UPS removed the case to this Court pursuant to 29 U.S.C. §185, Section 301 of the Labor Management Relations Act. (Docket No. 1) For the reasons stated herein, UPS' Motion for Summary Judgment is **GRANTED.**

Prior to Plaintiff filing his Opposition to UPS' Motion for Summary Judgment, he filed a *Motion to Strike* paragraphs 14-16 and 24-47 from UPS' Motion for Summary Judgment (Docket No. 15). According to Plaintiff, said paragraphs should be stricken from the record since "[i]n the arbitration award, the arbitrator never made any factual conclusion, notwithstanding the documentary and testimonial evidence presented by the parties during the hearing, thus, the defendant, through a dispositive motion, cannot modify the award and force the court to consider conclusions of fact that were never made by the arbitrator in the arbitration award." (Docket No. 15 at ¶4). However, Plaintiff fails to cite any case law supporting his argument. Thus, the Court finds no reason as to why UPS' paragraphs should be stricken from the Motion for Summary Judgment. Consequently, Plaintiff's Motion to Strike is **DENIED.**

In summary, UPS contends that Plaintiff does not have standing to challenge the arbitration Award because he is not a party to the CBA between UPS and the Union. In the event that the Court finds that Plaintiff does have standing to challenge the Award, UPS argues that Plaintiff's petition should be summarily dismissed because he has not stated a valid ground upon which the Court may vacate the Award. In support of this statement, UPS alleges that "an individual employee represented by a Union **does not have standing** to challenge an arbitration award to which the Union and the employer were the only parties, *unless there is a claim that the Union breached its duty of fair representation*. *See,* Bryant v. Bell Atlantic Maryland Incorporated, 288 F. 3d 124, 131 (4th Cir. 2002)." (Docket No. 10-1 at 5) (emphasis in original) Thus, UPS moved for summary disposition of Plaintiff's Petition for Review.

Meanwhile, Plaintiff claims that he does have standing to file a petition for review of the Award since the Union informed him it was not going to file a petition of review of the Award, notwithstanding Plaintiff's request to do so. (Docket No. 18 at 2) As a consequence, Plaintiff "filed an unfair labor practice charge against the Union before the National Labor Relations Board, since the Union breached the duty of fair representation to Rivera, and notwithstanding the unfair labor practice charge filed by Rivera, the Union never changed its position of not filing a petition of review of the arbitration award entered in case A 19-2282, and never filed anything on behalf of Rivera." (Docket No. 18 at 2) According to Plaintiff, said charge and the arguments in his petition are enough to have standing to request the Court to vacate the Award.

## I. UNCONTESTED FACTS[2]

The Court takes the following factual findings from the UPS' statements of undisputed facts, Plaintiff's admission of most of the facts and supported documentation. Upon careful review of the record, the Court finds the following facts are undisputed:

---

[2] Although Plaintiff admitted to ¶1-5, the Court notes Plaintiff qualified uncontested facts 6 and 7 based on the totality of the record. These facts are proven, as Plaintiff did not contest them but merely qualified them based on additional facts on the record.

1. Plaintiff worked for UPS as a "Swing Driver". (Docket No. 10, Exhibit II, p.49)

2. UPS and the Union are parties to a CBA that was in place from August 1, 2013 and until July 31, 2018. (Docket No. 10, Exhibit I)

3. Plaintiff is not a party to the CBA and the only parties to the aforementioned CBA are UPS and the Union. (Docket No. 10, Exhibit I, Article 1, p. 1)

4. The CBA contains a disciplinary action process that must be complied with prior to discharging an employee. (Docket No. 10, Exhibit I, Article 15, p. 7)

5. Specifically, Article 15 of the CBA provides in relevant part that, "[t]he Employer shall not discharge nor suspend any employee without just cause, and prior to suspension shall give at least one verbal warning, one written warning notice, and one written final notice of the complaints against the employee to the employee, with a copy of the same to the Union and Delegate. The above procedure must also have been followed prior to discharge." (Docket. No. 10, Exhibit I, Article 15, p. 7)

6. Further, the CBA specifically provides that "[g]rievance procedures may be invoked *only* by authorized Union Representatives or the Employer."  (Docket No. 10, Exhibit I, Article 16, Section 1, p. 9)

7. The Union filed a grievance (grievance no. A-19-2282) at the Bureau of Conciliation and Arbitration of the Puerto Rico Department of Labor and Human Resources, in accordance with the grievance procedure established in the CBA, to challenge Rivera's termination. (Docket No. 10, Exhibit II, p.4 and Exhibit IX)

8. On October 19, 2021, the Arbitrator, José F. Pueyo Font (hereinafter referred to as "Arbitrator Pueyo" or the "Arbitrator"), issued an Award (the "Award"), ruling that plaintiff's termination was for "just cause" in accordance with the CBA and the applicable law, and upholding Rivera's termination. (Docket. No. 10-2, Exhibit X)

9. On November 12, 2021, Rivera, in his individual capacity, filed a Petition for Review of the Award in the Court of the Commonwealth of Puerto Rico, specifically, the First Instance

Court, San Juan Part, in the case of *Nelson Rivera Rosario v. United Parcel Services et als*, civil no. SJ2021CV07483. (Docket No. 1, Exhibit A).

## II.     STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is to be entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). Pursuant to the clear language of the rule, the moving party bears a two-fold burden: first, must show that there is "no genuine issue as to any material facts;" as well as the moving party is "entitled to judgment as a matter of law." *Vega-Rodriguez v. Puerto Rico*, 110 F.3d 174, 179 (1st Cir. 1997). Further, a fact is "material" where it has the potential to change the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is "genuine" where a reasonable jury could return a verdict for the nonmoving party based on the evidence. *Id.* Thus, it is well settled that "the mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Id.*

After the moving party meets this burden, the onus shifts to the non-moving party to show that there still exists "a trial worthy issue as to some material facts." *Cortes-Irizarry v. Corporación Insular*, 111 F.3d 184, 187 (1st Cir. 1997).

At the summary judgment stage, the trial court examines the record "in the light most flattering to the non-movant and indulges in all reasonable references in that party's favor. Only if the record, viewed in this manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." *Cadle Co. v. Hayes*, 116 F.3d 957, 959-60 (1st Cir. 1997). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of

a judge*." Reeves v. Sanderson Plumbing Prod.*, 530 U.S. 133, 150 (2000) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250-51, 106 S.Ct. 2505 (1986)). Summary judgment is inappropriate where there are issues of motive and intent as related to material facts. *See Poller v. Columbia Broad. Sys.*, 368 U.S. 464, 473, 82 S.Ct. 486 (1962) (summary judgment is to be issued "sparingly" in litigation "where motive and intent play leading roles"); *see also Pullman-Standard v. Swint,* 456 U.S. 273, 288, 102 S.Ct. 1781 (1982) ("findings as to design, motive and intent with which men act [are] peculiarly factual issues for the trier of fact."); *see also Dominguez-Cruz v. Suttle Caribe, Inc.,* 202 F.3d 424, 433 (1st Cir. 2000) (finding that "determinations of motive and intent . . . are questions better suited for the jury"). "As we have said many times, summary judgment is not a substitute for the trial of disputed factual issues." *Rodríguez v. Municipality of San Juan*, 659 F.3d 168, 178-179 (1st Cir. 2011) (internal quotations and citations omitted). Conversely, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 95 (1st Cir. 1996). However, while the Court "draw[s] all reasonable inferences in the light most favorable to [the non-moving party] . . . we will not draw *unreasonable* inferences or credit bald assertions, empty conclusions or rank conjecture*." Vera v. McHugh*, 622 F.3d 17, 26 (1st Cir. 2010) (internal quotations and citation omitted). Moreover, "we afford no evidentiary weight to conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative." *Tropigas De P.R. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011) (internal citations omitted).

### III.    LEGAL ANALYSIS

Plaintiff's petition for review is limited to three arguments: (1) the Award does not include findings of facts in contravention of Rule 49.2 of the Puerto Rico Rules of Civil Procedure; (2) the Arbitrator erroneously interpreted and applied applicable caselaw regarding the credibility of a

witness and (3) the Arbitrator's conclusions in the Award are contrary to the evidence presented during the hearing and are contrary to applicable law. (Docket No. 8, Exhibit A) Although Plaintiff included the Union as Co-defendant in the petition for review, nothing was included in Plaintiff's petition with regards to a breach of duty by the Union to a fair representation. Meanwhile, UPS moves to dismiss Plaintiff's petition for review of the arbitration Award for lack of standing since:

> "Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, states in its relevant part that: Suits for violation of contracts **between an employer and a labor organization representing employees** in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties"

(Docket No. 10-1 at 4) (emphasis in original).

In *Vaca v. Sipes,* 386 U.S. 171, 182 (1967), the Supreme Court stated that "the collective bargaining system ... of necessity subordinates the interests of an individual employee to the collective interest of all employees in a bargaining unit." Said forum again acknowledged, as it had in *Steele v. Louisville & N.R. Co.,* 323 U.S. 192, 198–199 (1944), that the grant of power to a union to act as exclusive collective bargaining representative brought a corresponding reduction in the individual rights of the employees so represented. *Id.,* at 182. Thus, an individual employee, represented by a union, generally does not have standing to challenge, modify or confirm an arbitration award because he was not a party to the arbitration. *Bryant v. Bell Atlantic Maryland Incorporated,* 288 F.3d 124, 131 (4th Cir.2002). In the present case, Plaintiff, as a postal employee, is represented by the Union and his employment relationship with UPS is governed by a collective bargaining agreement. Thus, it is the Union, and not Plaintiff who has standing to file a petition for review of the Award.

However, there are exceptions to the general rule that the Union, and not the employee, has standing to bring the present action. In *Ramirez v. International Shipping Agency, Inc.,* 593 F. 3d 124,131 (1st Cir. 2010) the First Circuit addressed the exceptions to the general prohibition, holding that "courts have not allowed employees to challenge the underlying merits

8

of arbitration awards by way of Section 301 absent circumstances that have impugned the integrity of the arbitration process, for instance, 'fraud, deceit or breach of the duty of fair representation or unless the grievance procedure was a sham; substantially inadequate or substantially unavailable." (citing *Harris v. Chem Leaman Tank Lines, Inc.,* 437 F.2d 167, 171 (5th Cir.1971)). A jurisdictional limit in Section 301, has also been noted in the Seventh Circuit in that "the litigant must be an employer or labor organization..." *Pierce v. Commonwealth Edison Co.,* 112 F.3d 893, 895 (7th Cir. 1997).

Plaintiff, as an employee, may have standing to file a petition for review of the Award, but he must establish in said petition that the Union breached its fiduciary duty of fair representation. A case very similar to the one at issue is *Ortiz v. United States Parcel Service,* Inc, 736 F. Supp. 2d 428 (D.P.R. 2010). In said, case Plaintiff was an employee of UPS and his Union "[t]ook his grievance for unfair discharge all the way through the arbitration proceedings with UPS. The arbitrator issued an award in favor of the employer. The union chose not to seek judicial revision of the award. Plaintiff, the aggrieved employee then filed his own action for judicial revision in local court, whereupon UPS remoted it to this Court." *Id.* at 429. This District Court held that the employee did not have standing to seek review of the arbitration award in favor of former employer, specifically this District Court held that:

> A significant decision recently handed down by the First Circuit in *Ramírez v. International Shipping Agency, Inc.,* 593 F.3d 124, 131 (1st Cir.2010), citing *Harris v. Chem Leaman Tank Lines, Inc.,* 437 F.2d 167, 171 (5th Cir.1971), addresses the exceptions to the general prohibition stating that "courts have not allowed employees to *challenge* the underlying merits of arbitration awards by way of Section 301 absent circumstances that have impugned the integrity of the arbitration process, for instance, 'fraud, deceit or breach of the duty of fair representation or unless the grievance procedure was a sham; substantially inadequate or substantially unavailable.' " (Our emphasis.) The settled principle consistently applied by courts is that the union or the employer, as parties to the collective bargaining agreement, may sue to vacate a final award claiming that the issue submitted was not arbitrable or that the arbitrator exceeded the scope of his authority. The individual employee, however, may not do so except on the grounds indicated above. *See, e.g., Katir v. Columbia University,* 15 F.3d 23, 24–25 (2nd Cir.1994), (holding that if there is no claim that the union breached its duty of fair representation an individual represented by a union lacks standing to challenge an arbitration award issued in a proceeding in which the union and the

9

> employer were parties); *Bryant v. Bell Atlantic Maryland, Inc.,* 288 F.3d 124, 131 (4th Cir.2002); *Shores v. Peabody Coal Co.,* 831 F.2d 1382, 1383 (7th Cir.1987). Petitioner Ortiz has situated himself in the position of an individual employee who, on his own, challenges the unfavorable award before the district court on review, but has failed to allege that the integrity of the arbitration process was vitiated by fraud, deceit or by the union's breach of its duty to fairly represent him.

*Id.* at 430.

From the record, Plaintiff has admitted he is "not a party to the CBA and the only parties to the aforementioned CBA are UPS and the Union." Statement of Uncontested Material Fact ("SUMF") ¶ 1-2.  He also admitted that "[o]n November 12, 2021, Rivera, in his individual capacity, filed a Petition for Review of the Award in the Court of the Commonwealth of Puerto Rico, specifically, the First Instance Court, San Juan Part, in the case of *Nelson Rivera Rosario v. United Parcel Services et als,* SJ2021CV07483." SUMF ¶ 8.  Plaintiff has also admitted that the CBA specifically states that "[g]rievance procedures may be invoked *only* by authorized Union Representatives or the Employer." SUMF ¶ 6. Considering that Plaintiff has expressly admitted he was not a party to the CBA between UPS and the Union, in his individual capacity and that he was represented by the Union, the Court must now consider if Plaintiff has standing to file a petition for review of the Award. For the latter to take place, Plaintiff must have claimed a breach of its fiduciary duty by the Union in his petition for review.

As mentioned before, Plaintiff stated three proposed errors in his petition for review of the arbitration Award. First, Plaintiff alleged that "the Arbitrator erred in the Award issued, because it has no fact findings, contrary to what Rule 49.2 of Civil Procedure Provides, only allegations of the parties, so then the arbitrator cannot apply the applicable law to the facts proven at the arbitration hearing, because in the award there are no fact findings proven". (Docket No. 8, Exhibit A at 6) Second, that "the arbitrator of the Arbitration Conciliation Bureau erred, in the Award issued on October 19, 2021 due to an erroneous interpretation and application of the applicable law at the time of adjudicating and deciding controversies regarding the credibility and mendacity of a witness." *Id.* Lastly, Plaintiff alleged as a third proposed error that "the arbitrator of the Arbitration

10

Conciliation Bureau erred in the Award issued on October 19, 2021 because its fact findings and conclusions of law are contrary to the evidence presented during the hearing and contrary to applicable law." *Id.*

From reviewing Plaintiff's petition, which was originally filed before the Commonwealth of Puerto Rico and later removed by UPS to federal court, the Court finds that Plaintiff's request does not include any type of breach of its fiduciary duty by the Union. As discussed above, failure to claim that the Union breached its fiduciary duty, prevents Plaintiff from filing his petition to review the Award. Thus, Plaintiff has situated himself in the position of an employee who, on his individual capacity, is challenging the unfavorable award before the District Court for review but has not alleged that the integrity of the arbitration process was vitiated by fraud, deceit or by the Union's breach of fiduciary duty. However, Plaintiff claims that the filing of an unfair labor practice charge against the Union for breach of its duty of fair representation grants him standing to file a petition for review of the Award. UPS responded to this contention in its *Reply* that, "while plaintiff apparently filed a charge alleging unfair labor practices against the Union, he did not do so until March 7, 2022 – almost ***four (4) months after*** filing the petition for review in this case and approximately ***one (1) month after*** UPS filed its motion for summary judgment. Clearly, Plaintiff's charge against the Union is a last-minute afterthought to try to salvage his claim in this case. Yet, plaintiff's claim cannot be rescued." Docket No. 23 at 3 (emphasis in original).

From the documents supporting UPS' reply to Plaintiff's opposition to UPS' motion for summary judgment, this Court can reasonably conclude that Plaintiff's charge against the Union for unfair labor practices on March 7, 2022, was long after Plaintiff filed his petition for review of the Award.  *See*, Docket No. 23, Exhibit 2.  Thus, it was not until after the filing of the petition for review of the arbitration Award, that Plaintiff entered his first claim against the Union for breach of fiduciary duty. Prior to March 7, 2022, Plaintiff had not filed a claim for breach of fiduciary duty. Absent a claim of breach of fiduciary duty in Plaintiff's petition for review of the Award, Plaintiff lacks standing to file the same. Given the fact that Plaintiff lacks standing to file a petition for

review of the Award, the Court will not delve into the merits of his petition to vacate the Award. Thus, UPS' motion to summarily dispose the case at bar is hereby **GRANTED**.

### IV.     CONCLUSION

In the light most favorable to the Plaintiff and for the reasons set forth above, the Court **GRANTS** Defendant's *Motion for Summary Judgment* (Docket No. 10). Judgment pursuant to the instant *Opinion and Order* is to be issued forthwith.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of June 2022.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge